UNITED STATES of America,
Plaintiff-Appellee,

v.

James Thomas CROWELL,
Defendant-Appellant.

No. 76–1119.

United States Court of Appeals,
Seventh Circuit.

Heard June 8, 1976.

Decided Aug. 31, 1976.*

Thomas J. Fahey, Danville, Ill., for defendant-appellant.

David E. Worsley, Asst. U. S. Atty., Danville, Ill., for plaintiff-appellee.

Before CUMMINGS, TONE and WOOD, Circuit Judges.

PER CURIAM.

A jury found defendant guilty of four firearms violations.[1] On the first three counts, he was given concurrent sentences of three years' imprisonment, and on the fourth count, a two-year concurrent sentence. After considering the briefs and hearing oral argument, we affirmed from the bench.

 Under the first three counts, the Government was required to prove that the shotgun in question had a barrel length of less than 18 inches, as described in the indictment and defined in 26 U.S.C. § 5845(a)(1). *United States v. Pietras*, 501 F.2d 182, 185 (8th Cir. 1974), certiorari denied, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668. The shotgun was received in evidence as Government Exhibit No. 1 and went to the jury room during its deliberations. The Government did not elicit testimony as to the measured length of the barrel nor did defendant attempt to show that the barrel was 18 inches or more in length. The court instructed the jury on numerous occasions that part of the Government's proof was to show that the shotgun had a barrel length of less than 18 inches.

At the oral argument, we were advised that when defense counsel questioned the

---

* This appeal was originally decided by unreported order on August 31, 1976. See Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

1. The indictment charged three violations of the Gun Control Act of 1968, 88 Stat. 1213, codified in 26 U.S.C. §§ 5801 *et seq.* Count I charged a violation of 26 U.S.C. § 5861(i), pos-

session of a firearm without a serial number; count II, a violation of 26 U.S.C. § 5861(e), illegal transfer of a firearm, and count III, a violation of § 5861(d), possession of an unregistered firearm. Count IV charged a violation of 18 U.S.C. App. § 1202(a), possession of a firearm by a convicted felon.

length of the barrel at the close of the Government's case and at the close of all the evidence, the prosecutor said the gun was about 14 inches in length, and the district judge replied that the jury could determine the matter.[2] While the better practice would have been to prove the barrel's length by measurement testimony, the shotgun was in the jurors' presence during their deliberations, and they could observe that its barrel length was about 14 inches and under 18 inches, as required. Therefore, there was no failure of proof with respect to the first three counts.

As to all four counts, defendant asserts that he was entrapped as a matter of law by government informer Jeffrey L. Berry. However, Judge Wise submitted defendant's proposed entrapment instruction, and in returning a guilty verdict the jury obviously decided that defendant had a predisposition to commit these offenses. On this evidence there was no entrapment as a matter of law. *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113; *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366.

AFFIRMED.

---

2. The matter is before us on a short record.