**UNITED STATES of America, Appellee,**

v.

**Abelee BRUNSON, Appellant.**

**No. 89–1848WM.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1989.

Decided Oct. 1, 1990.

---

Robert H. Gardner, Kansas City, Mo., for appellant.

J. Daniel Stewart, Kansas City, Mo., for appellee.

Before ARNOLD, FAGG and BEAM, Circuit Judges.

PER CURIAM.

Abelee Brunson appeals from his sentence of 262 months for armed robbery in violation of 18 U.S.C. § 2113(a), (d) (1988). Brunson was found to be a career offender under the sentencing guidelines. *See* U.S.S.G. § 4B1.1 (1988) (person with two felony convictions of "crime of violence" is career offender). The district court accordingly increased Brunson's offense level to thirty-four and his criminal history category to VI, yielding a guidelines range of 262 to 327 months.

On appeal, Brunson contends two Missouri convictions for second-degree burglary should not have been used to find he was a career offender. Brunson argues the burglaries were not crimes of violence because he entered the dwellings when no one was present.

 A sentencing court must determine the particular sentence to be imposed with reference to the guidelines and commentary that are in effect at the time of sentencing. 18 U.S.C. § 3553(a)(4), (5) (1988); *see also United States v. Manuel*, 912 F.2d 204, 207 (8th Cir.1990). When Brunson was sentenced, U.S.S.G. § 4B1.2(1) stated "[t]he term 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16." Commentary to U.S.S.G. § 4B1.2 noted 18 U.S.C. § 16 de-fined a crime of violence as any felony "that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense." The commentary concluded the definition of crime of violence included burglary of a dwelling. The Sentencing Commission clarified and strengthened its conclusion after Brunson was sentenced by amending the guidelines to specify that burglary of a dwelling is a crime of violence. *See* U.S.S.G. § 4B1.2(1)(ii) (1989).

We must conclude Brunson's convictions were for crimes of violence. *United States v. Smith*, 909 F.2d 1164, 1168 (8th Cir. 1990). The circuit courts that have considered this issue agree that burglary of a dwelling is a crime of violence within the meaning of U.S.S.G. § 4B1.1. *See, e.g., United States v. Brunson*, 907 F.2d 117, 120–21 (10th Cir.1990); *United States v. Cruz*, 882 F.2d 922, 923 (5th Cir.1989); *United States v. Davis*, 881 F.2d 973, 975–76 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 735, 107 L.Ed.2d 753 (1990); *United States v. Pinto*, 875 F.2d 143, 143–44 (7th Cir.1989). Thus, the district court correctly applied the guidelines in finding Brunson was a career offender.

We decline at this time to consider Brunson's ineffective assistance of counsel claim, *see United States v. Gallegos-Torres*, 841 F.2d 240, 242–43 (8th Cir.1988) (ineffective assistance claim generally not appropriate for consideration on direct appeal), and deny Brunson's motion to file a supplemental brief.

Brunson's sentence is affirmed.