**UNITED STATES of America, Appellee,**

v.

**Dennis P. WICHMANN, Appellant.**

**No. 91–1661.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided March 4, 1992.

John Leonard Lane, Cedar Rapids, Iowa, for appellant.

Janet L. Petersen, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGNUSON,* District Judge.

McMILLIAN, Circuit Judge.

Dennis Paul Wichmann appeals from a final judgment entered in the United States District Court[1] for the Northern District of Iowa following Wichmann's guilty plea to conspiracy to traffic in cocaine in violation of 21 U.S.C.A. § 846 (West Supp.1991), carrying a firearm during and in relation to a drug crime in violation of 18 U.S.C.A. § 924(c)(1) (West Supp.1991), and failing to appear for trial in violation of 18 U.S.C.A. § 3146 (West Supp.1991). The district court sentenced Wichmann under the federal sentencing guidelines to consecutive terms of imprisonment of 90 months, 60 months and 15 months, four years of supervised release, a $1,500.00 fine, restitution of $1,820.00, and a special assessment of $150.00. For reversal, Wichmann argues that the district court erred in (1) giving him a three-level enhancement for being a manager or supervisor and (2) denying him a two-level reduction for acceptance of responsibility. For the reasons discussed below, we affirm the judgment of the district court.

Wichmann was involved in a conspiracy to distribute cocaine from 1986 through 1989. Following a tip from one of Wichmann's buyers, an undercover agent made several buys from Wichmann. These buys ranged in size from one-fourth to one-half ounce of cocaine, containing a purity of up to ninety percent. The undercover agent also observed a handgun which Wichmann carried during the controlled buys. Controlled buys were also made by confidential informants. Wichmann's girlfriend, Jill Trautman, testified that Wichmann bought drugs by the ounce.

Wichmann's trial was originally set for May 22, 1990, but Wichmann failed to appear. He surrendered to the Federal Bureau of Investigations on September 16, 1990.

Wichmann was charged by an initial indictment and two superseding indictments with a total of seven counts: counts 1, 2, 4, and 5 were distribution of cocaine, count 3 was carrying a firearm during and in relation to a drug crime, count 6 was conspiracy to traffic in cocaine, and count 7 was failing to appear for trial. Wichmann pled guilty to counts 3, 6, and 7 on October 22, 1990, and the distribution counts were dismissed at the request of the government. Wichmann and the government stipulated that the conspiracy involved between 500 grams and two kilograms of cocaine, establishing a base offense level of 26.

The district court held a sentencing hearing on March 11 and 12, 1991. The district court determined that Wichmann was a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive, and therefore increased his base offense level by three levels to 29. U.S.S.G. § 3B1.1(b) (1990). The district court denied Wichmann's request for a two-level reduction based upon acceptance of responsibility. *Id.* § 3E1.1. The district court sentenced Wichmann to mandatory consecutive terms of imprisonment: 90 months on count 6 (conspiracy), 60 months on count 3 (firearm), and 15 months on count 7 (failure to appear). Wichmann now appeals his sentence.

---

\* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

**1.** The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa. Since November 18, 1991, Judge Hansen has been a circuit judge on the United States Court of Appeals for the Eighth Circuit.

*Defendant's Role in the Offense*

■ Wichmann first claims that there is no evidence to support the three-level enhancement for being a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive. *Id.* § 3B1.1(b). This is a question of fact which we review under the clearly erroneous standard. *United States v. Sutera,* 933 F.2d 641, 649 (8th Cir.1991); *United States v. Streeter,* 907 F.2d 781, 787 (8th Cir.1990) (*Streeter*); *United States v. Collar,* 904 F.2d 441, 442 (8th Cir.1990).

■ Wichmann argues that the district court erroneously based its finding of a managerial or supervisory role solely on the purity of the cocaine sold by him and that there was no evidence that he managed or controlled anyone. We disagree and hold there was sufficient evidence to support the district court's finding. Purity of drugs is an appropriate factor to consider because "possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs." U.S.S.G. § 2D1.1, note 9 (1990). Not only did Wichmann possess and sell ninety percent pure cocaine, but he was selling it to about seventy-five customers in quantities of up to one-half ounce. Evidence at the sentencing hearing showed that at one time Wichmann had four ounces of cocaine. Additionally, Wichmann recruited others to help finance his cocaine purchases. This evidence was sufficient for the district court to find that Wichmann was a manager or supervisor. Wichmann does not dispute that the alleged conspiracy involved five or more persons. We therefore affirm the district court's three-level enhancement for Wichmann's role in the offense.

*Acceptance of Responsibility*

■ Wichmann also argues that the district court erred in denying him a two-level reduction for acceptance of responsibility.[2] *Id.* § 3E1.1. We give great deference to the district court when "reviewing its eval-uation of a defendant's acceptance of responsibility, and will disturb the district court's decision only if it is without foundation." *United States v. Russell,* 913 F.2d 1288, 1295 (8th Cir.1990) (*Russell*), *cert. denied,* —— U.S. ——, 111 S.Ct. 1687, 114 L.Ed.2d 81 (1991); *see Streeter,* 907 F.2d at 787; U.S.S.G. § 3E1.1, note 5 (1990).

■ Wichmann argues that because of his guilty plea, he is entitled to the reduction for acceptance of responsibility. Wichmann argues that the timeliness of his guilty plea should not affect the district court's determination. Wichmann alleges that his failure to appear for trial was punished under count 7 and therefore the district court should not have used that factor in assessing his acceptance of responsibility.

■ We disagree. A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. *Russell,* 913 F.2d at 1295; *Streeter,* 907 F.2d at 787; *United States v. Young,* 875 F.2d 1357, 1360 (8th Cir.1989). The district court was entitled to consider the fact that Wichmann failed to appear for trial as well as the timeliness of his guilty plea. Additionally, the district court found that (1) Wichmann did not voluntarily terminate or withdraw from his criminal conduct or associations; (2) Wichmann did not voluntarily pay restitution prior to adjudication of guilt; (3) Wichmann did not provide voluntary and truthful admissions to authorities about his crimes; and (4) Wichmann did not voluntarily surrender to authorities after the crimes occurred. We hold the district court did not abuse its discretion in denying the two-level reduction for acceptance of responsibility.

Accordingly, the sentence of the district court is affirmed.

2. The district court allowed the two-level reduction for acceptance of responsibility on count 7, the failure to appear count.