UNITED STATES of America, Appellee,

v.

**Darrin Dean JOHNSTON, Appellant.**

No. 91–3860.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1992.

Decided Aug. 19, 1992.

Rehearing Denied Oct. 20, 1992.

sota.

David P. McManus, Cedar Rapids, Iowa, argued, for appellant.

James L. Papenthien, Cedar Rapids, Iowa, argued (Daniel C. Tvedt, on the brief), for appellee.

Before BOWMAN, LOKEN, Circuit Judges, and LARSON,* Senior District Judge.

BOWMAN, Circuit Judge.

Darrin Johnston appeals the prison sentence and fine imposed by the District Court after he pled guilty to manufacturing marijuana, a violation of 21 U.S.C. § 841(a)(1) and (b)(1) (1988). We affirm.

■ Johnston first attacks the mandatory application of the federal sentencing guidelines. He claims that instead of automatically applying the sentencing guidelines, as 18 U.S.C. § 3553(b) (1988) requires, the sentencing court first must apply 18 U.S.C. § 3553(a) (1988), which counsels the sentencing court "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth [later] in this section." Johnston contends that the District Court is not bound by the guidelines, but instead should treat them simply as one factor to be considered in determining the appropriate sentence. As our court has rejected this line of argument in earlier cases, and the law of the Circuit thus has been established, Johnston's argument must fail. *See United States v. Edgar*, 971 F.2d 89, 96–99 (8th Cir.1992) (Heaney, J., concurring and dissenting) (approach similar to Johnston's argument advocated by dissent); *United States v. Stockton*, 968 F.2d 715, 721 (8th Cir.1992) (Bright, J., concurring) (similar

approach espoused by concurrence); *United States v. England*, 966 F.2d 403, 410 (8th Cir.1992) (Bright, J., concurring) (same); *see generally United States v. Kelley*, 956 F.2d 748 (8th Cir.1992) (en banc) (holding that a district court may depart from the sentencing guidelines range only in a manner prescribed by the guidelines).[1]

■ Johnston next attacks the constitutionality of 18 U.S.C. § 841(b) and United States Sentencing Commission, *Guidelines Manual*, § 2D1.1 (Nov. 1989),[2] "which provide for sentencing based on the number of plants (if fifty or more) rather than the weight of the plants or the amount of net marketable product. [Johnston] contends these provisions violate his due process rights because they irrationally equate one plant with one kilogram of marketable marijuana." *United States v. Smith*, 961 F.2d 1389, 1390 (8th Cir.1992). This argument is foreclosed by our holding in *Smith* that "the challenged ratio is not irrational" and thus is not unconstitutional. *Id.; cf. United States v. Brown*, 921 F.2d 785, 790 (8th Cir.1990) (not unconstitutionally irrational "to sentence according to the total quantity of the PCP mixture involved, without regard to the purity"); *United States v. Buckner*, 894 F.2d 975, 980 (8th Cir.1990) (100 to one ratio of cocaine to cocaine base for sentencing purposes is constitutional).[3]

■ Johnston objects to the District Court's decision to impose a two-level upward adjustment to his offense level for his role in the offense pursuant to U.S.S.G. § 3B1.1(c) (Nov. 1989). We will reverse the

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. In support of his argument Johnston cites *United States v. Davern*, 937 F.2d 1041 (6th Cir.1991), wherein the panel adopted the approach advocated by Johnston. *Davern* subsequently was vacated by the Sixth Circuit sitting en banc. The en banc opinion holds that the sentencing guidelines "are a sentencing imperative." *United States v. Davern*, 970 F.2d 1490, at 1492 (6th Cir., 1992) (en banc).

2. We apply the Guidelines in effect at the time of Johnston's sentencing (November 1991 Guidelines), except where the Guidelines have

been amended in a manner disadvantageous to him, in which case we apply the Guidelines in effect at the time the criminal conduct occurred (November 1989 Guidelines). *See United States v. Swanger*, 919 F.2d 94, 95 (8th Cir.1990); *United States v. Brunson*, 915 F.2d 392, 393 (1990), cert. denied, —— U.S. ——, 111 S.Ct. 1011, 112 L.Ed.2d 1093 (1991).

3. Similarly foreclosed is Johnston's claim that the District Court erred in denying his motion to appoint an expert witness on the weight-ratio issue. The legislatively prescribed ratio being valid, an expert's trial testimony about a plant's yield of marketable marijuana would be irrelevant.

District Court's finding that Johnston was "an organizer, leader, manager, or supervisor," *id.*, only if that finding is clearly erroneous. *United States v. Schwarck,* 961 F.2d 121, 123 (8th Cir.1992). Based on our review of the record, the court's finding is not clearly erroneous, as Johnston apparently owned the farm upon which much of the marijuana-growing activity took place, had the only set of keys to the barn (where growing apparatus was kept), and was to receive fifty percent of the illicit proceeds, while the other two people involved in the operation were to receive twenty-five percent each.

■ We consider next Johnston's contention that he should not have received a two-level increase in his offense level for obstructing justice, an adjustment imposed pursuant to U.S.S.G. § 3C1.1 (Nov. 1991). The record indicates that after he became aware the police knew of his marijuana-growing activity, he destroyed many of his marijuana plants and fled from Iowa to Arizona. In addition, after he was arrested in Arizona and brought back to Iowa, he wrote letters while in jail to his father and his wife asking them to provide a false alibi for him. In these circumstances, we cannot say that the District Court's finding that Johnston attempted to obstruct justice is clearly erroneous. *See United States v. Todd,* 963 F.2d 207, 211 (8th Cir.1992); *United States v. Noland,* 960 F.2d 1384, 1390 (8th Cir.1992); *cf. United States v. Yerks,* 918 F.2d 1371, 1375 (8th Cir.1990) (attempted obstruction need not succeed in order for section 3C1.1 to apply).

■ Johnston argues that the District Court erred in not granting him a two-level downward adjustment in his offense level for accepting responsibility pursuant to U.S.S.G. § 3E1.1 (Nov. 1991), an adjustment the government recommended be granted. "Conduct resulting in an [obstruction of justice enhancement] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which [both an obstruction of jus-

tice enhancement and an acceptance of responsibility reduction] may apply." U.S.S.G. § 3E1.1, comment. (n. 4) (Nov. 1991). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." *Id.* comment. (n. 5). The District Court noted that Johnston's acceptance of responsibility was an eleventh-hour jailhouse conversion and that Johnston did not voluntarily terminate his criminal activity. That being the case, the court's finding that Johnston was not entitled to the acceptance-of-responsibility adjustment is not clearly erroneous. *See United States v. Askew,* 958 F.2d 806, 811–12 (8th Cir.1992).

■ Johnston also argues that the District Court erred in denying his motion for a downward departure pursuant to U.S.S.G. § 5K2.0 (Nov. 1991) (downward departures for mitigating circumstances not adequately considered by the Sentencing Commission). Such a discretionary decision by the District Court is not reviewable by this Court.[4] *United States v. Wilson,* 955 F.2d 547, 552 (8th Cir.1992).

■ Johnston further argues that he should have received a U.S.S.G. § 5K1.1 (Nov. 1989) downward departure for substantial assistance, and that he should have been allowed to inquire into the government's reasons why it did not make a section 5K1.1 motion. "[A]s a general rule, a government motion for departure is a prerequisite to departure for substantial assistance." *United States v. Davila,* 964 F.2d 778, 786 (8th Cir.1992). However, "in certain 'egregious cases' that present due process concerns, the court may depart without a government motion. Such a case arises when the defendant clearly has provided substantial and valuable assistance, but the government has arbitrarily and in bad faith refused to make a [section 5K1.1] motion for departure." *Id.* Johnston offers no support for his claim that the government acted in bad faith, other than

---

**4.** The sentencing transcript shows that the District Court knew it had the discretion to depart downward under section 5K2.0 but chose not to do so.

stating that he could not think of any other reason why the government did not make such a motion. Without more than this bare allegation, the District Court properly denied Johnston's attempt to conduct an inquiry into the government's reasons behind its decision not to offer a section 5K1.1 motion. Moreover, we are satisfied this is not the "rare 'egregious case'" justifying a section 5K1.1 downward departure without a government motion. *Davila,* 964 F.2d at 786.

Finally, Johnston challenges the fine imposed by the District Court. Before imposing a fine, the sentencing court must make specific findings on the record, taking into account the factors discussed in U.S.S.G. § 5E1.2 (Nov. 1991). *United States v. Cammisano,* 917 F.2d 1057, 1064 (8th Cir.1990). The District Court did just that, and departed downward from the specified fine range of $17,-500 to $4,000,000, imposing a fine of $6,000. The finding that Johnston would be able to pay such a fine while working in prison and after being released is not clearly erroneous. *Cf. Means v. United States,* 961 F.2d 120 (8th Cir.1992) (restitution may be ordered even though defendant is indigent at time of sentencing); *United States v. Pou,* 953 F.2d 363, 371–72 (8th Cir.) (because of the potential to earn prison wages, it is not objectionable to order indigent defendants to pay court costs), *cert. denied,* —— U.S. ——, ——, 112 S.Ct. 1982, 1983, 118 L.Ed.2d 580 (1992).

Johnston's sentence and fine are affirmed.