McMILLIAN, Circuit Judge.
 

 James E. Lewis appeals the thirty-four-month prison sentence imposed on him by
 
 *454
 
 the district court
 
 [1]
 
 following his guilty plea to making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). He argues that the district court erred in failing to reduce his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. We affirm.
 

 At his plea hearing, Lewis testified that, while he was intoxicated, he and a friend entered a pawnshop so that his friend could purchase a gun; because his friend did not have a driver’s license, Lewis presented his driver’s license to the pawnbroker and signed the necessary form; he did not tell the truth when he indicated on the form that he was not a convicted felon, but he did not think the misrepresentation “would get [him] in trouble” because he was not going to pay for or possess the gun; he never touched the gun while in the shop, and his friend paid for the gun and carried it out; when his friend later put the gun to his head and talked about shooting himself and others, Lewis realized he had made a mistake; because he did not want anything to do with the gun, he threw it in a trash can, and then he called his friend’s mother and told her to come and get her son and take the gun back; his friend’s mother called the police, and when they arrived, Lewis showed them the trash can where he had thrown the gun.
 

 At his sentencing hearing, Lewis again testified that he was intoxicated when he was in the pawnshop and that he did not touch the gun until he and his friend returned to his home; after he had sobered up and realized what he had done, he took the gun from his friend and threw it in the trash can; he then called his friend’s mother and told her to come and get her son, take the gun back, and “get [his] name off that piece of paper.” The owner of the pawnshop testified that Lewis and his friend came into his shop and examined the gun; he did not smell alcohol on Lewis's breath and Lewis was conversant and did not stagger or appear intoxicated; Lewis said he wanted to buy the gun, filled out the form, and gave the owner most of the money to pay for it; the friend paid only one or two dollars that Lewis did not have; the owner then handed the gun to Lewis.
 

 Lewis argues that, in denying the reduction for acceptance of responsibility, the sentencing judge — who was not the same judge that presided over Lewis’s plea hearing — erroneously considered only the events surrounding the offense and did not consider Lewis’s candid statements at his plea hearing that he did not realize he had committed a crime at the time of his actions. Lewis argues that the sentencing judge did not consider the fact that, after he was appointed an attorney and informed that he had committed a crime, he confessed.
 

 The district court’s findings regarding acceptance of. responsibility are entitled to great deference and this court may not reverse unless the findings are clearly erroneous.
 
 E.g., United States v. Laird,
 
 948 F.2d 444, 446-47 (8th Cir.1991). We find no clear error. Although the sentencing judge did not preside over Lewis’s plea hearing, and thus did not have the opportunity to observe his demeanor while he pleaded guilty, the judge did have the opportunity to observe Lewis at the sentencing hearing and to listen to his testimony regarding his actions. The sentencing judge announced that he considered Lewis’s confession to the crime as some evidence of his acceptance of responsibility. This was proper.
 
 See
 
 U.S.S.G. § 3E1.1(c) and comment, (n. 3) (although entry of guilty plea does not entitle defendant to sentencing reduction as matter of right, it does constitute significant evidence of acceptance of responsibility);
 
 e.g., United States v. Wichmann,
 
 958 F.2d 240, 242 (8th Cir.1992).
 

 The district court also properly concluded that, despite Lewis's guilty plea, his actions were not indicative of an acceptance of responsibility. The record suggests that Lewis realized he had done
 
 *455
 
 something unlawful even before he was arrested and appointed an attorney. Lewis admitted to the judge at his plea hearing that he made a misrepresentation on the form when he indicated that he had no prior felony convictions, but he did not think that “would get [him] in trouble.” Later, however, Lewis threw the gun in the trash can in an apparent attempt to conceal it, and told Jones’s mother that he did not want anything to do with the gun and wanted his name removed from “that piece of paper.” It appears that Lewis realized then that his signature on the form could get him into trouble, but he made no affirmative attempt to rectify his unlawful actions. He did not contact the pawnshop owner or the police to admit his mistake.
 

 Moreover, in denying the reduction, the district court acknowledged inconsistencies in the testimony at the sentencing hearing and implicitly credited the testimony of the pawnshop owner. This determination is entitled to deference.
 
 See United States v. Keene,
 
 915 F.2d 1164, 1170 (8th Cir.1990) (deferring to district court’s finding that defendant was not entitled to reduction for acceptance of responsibility because he testified untruthfully and made lame excuses for his conduct),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 1001, 112 L.Ed.2d 1084 (1991).
 

 Accordingly, we affirm.
 

 [1]
 

 . The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.