982 F.2d 527
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Steven Mark WIRTH, Appellant.
United States of America, Appellee,
v.
Billy Joe Hill, Appellant.
 Nos. 92-2796, 92-2623.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 16, 1992.
Filed: December 29, 1992.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Steven Mark Wirth and Billy Joe Hill appeal the sentences imposed by the district court[1] following their guilty pleas to conspiring to commit fraud by means of a wire, in violation of 18 U.S.C. §§ 371 and 1343. We affirm.
 
 
 2
 Wirth and Hill pleaded guilty, pursuant to separate plea agreements, to conspiring to commit fraud through the use of a wire communication in interstate commerce. A statement of stipulated facts attached to each agreement provides that from February 1, 1990, until January 29, 1991, Wirth, Hill, Leslie Dean Demand, Larry Michael Siegel, and others conspired and carried out a scheme to defraud a number of trucking companies in several states.
 
 
 3
 Following the guilty pleas, the district court ordered the probation office to prepare presentence reports (PSR) for Wirth and Hill. Wirth's PSR included a four-level increase under U.S.S.G. § 3B1.1(a) based on Wirth's role as the "organizer" of the conspiracy. Wirth objected to the four-level increase under section 3B1.1(a). Hill argued that he should receive a two-level reduction because he was a minor participant under U.S.S.G. § 3B1.2.
 
 
 4
 Following a hearing at which the government presented testimony from Demand and Siegel, the district court denied Wirth's objection, finding that he "was in [the conspiracy] from its inception and was the person without whom the conspiracy could not function." The court specifically found Demand's testimony credible and found that Wirth was the leader of the conspiracy. The court increased Wirth's offense level by only two, however, because the evidence failed to establish that there were five participants in the conspiracy. The court also denied Hill's request for a two-level minor-participant reduction, concluding that his overall role in the conspiracy did not warrant the adjustment. Accordingly, the court found that Wirth's offense level was 14, his criminal history category VI, and his sentencing range 37 to 46 months. The court adopted the PSR's calculation of Hill's criminal history category as III, offense level as 12, and sentencing range as 15 to 21 months. The court sentenced Hill to 15 months and Wirth to 45 months.
 
 
 5
 On appeal, Wirth contends the district court erred by: (1) imposing the two-level increase under section 3B1.1(c) and (2) sentencing him to forty-five months based on his role in the offense and his criminal history because these matters had been considered in computing his sentencing range. Hill maintains that the court erred by refusing to grant him a two-level reduction under section 3B1.2.
 
 
 6
 We review the district court's decision to increase Wirth's offense level under section 3B1.1(c) for clear error. United States v. Johnston, 973 F.2d 611, 613-14 (8th Cir. 1992). Section 3B1.1(c) provides for an increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." Our review of the record reveals that the district court did not clearly err by finding that Wirth was the leader of this conspiracy. Wirth directed the actions of both Siegel and Demand on various aspects of the scam, and only Wirth had the ability to obtain the ComData security codes without which the scheme could not have succeeded. See United States v. Williams, 902 F.2d 675, 678 (8th Cir. 1990). Moreover, Demand's testimony, which the district court specifically found credible, indicated that Wirth always got the largest share of the proceeds. See U.S.S.G. § 3B1.1, comment. (n.3).
 
 
 7
 Wirth next contends that the district court violated the Double Jeopardy Clause by sentencing him near the high end of the sentencing range based on his role in the offense and his criminal history because these matters had been considered in the calculation of his range. But contrary to Wirth's argument, he was not punished twice for the same conduct. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Instead, Wirth was convicted of one offense, and sentenced within the Guidelines range. By considering Wirth's leadership role in the offense and his criminal history to determine where within the range to sentence him, the district court simply followed 18 U.S.C. § 3553(a)(1), which instructs courts to consider at sentencing "the nature and circumstances of the offense and the history and characteristics of the defendant."
 
 
 8
 Hill argues that the district court erred by denying his request for a two-level minor-participant reduction. We review the refusal to grant the section 3B1.2(b) reduction for clear error. United States v. Wilson, 955 F.2d 547, 551 (8th Cir. 1992). "[A] minor participant means any participant who is less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n.3). After carefully reviewing the record, we conclude that the district court did not clearly err by refusing to grant the two-level reduction. Hill initially played a managerial role in the offense. His role was diminished after November 1990, but the district court expressly considered this at sentencing.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa