994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Thedell DOSS, Jr., also known as Abdullah Mukallaf, also
known as Abdul, Appellant.
 No. 92-3383.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 13, 1993.
Filed: June 2, 1993.
 
 Before FAGG, Circuit Judge, PECK,* Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 After Thedell Doss, Jr. pleaded guilty to distributing heroin in violation of 21 U.S.C. § 841, the district court sentenced him to imprisonment for 200 months. Doss appeals his sentence and we affirm.
 
 
 2
 Doss argues the district court erroneously concluded he was a career offender under the Sentencing Guidelines. See U.S.S.G. § 4B1.1(3) (Nov. 1992) (defining career offender as defendant with at least two earlier felony convictions of either a crime of violence or a controlled substance offense). Doss argues the district court improperly relied on a 1974 Missouri conviction for second-degree burglary because the conviction was "stale" and it was not shown to be a statutorily defined crime of violence. Doss did not raise his staleness argument in the district court, and we decline to consider it. United States v. Allmon, 972 F.2d 244, 247 (8th Cir. 1992). Further, Doss's second-degree burglary was a crime of violence within the meaning of § 4B1.1. See U.S.S.G. § 4B1.2(1)(ii) (burglary of a dwelling is a crime of violence within the meaning of § 4B1.1); United States v. Brunson, 915 F.2d 392, 393 (8th Cir. 1990) (per curiam) (same), cert. denied, 111 S. Ct. 1011 (1991); United States v. Nimrod, 940 F.2d 1186, 1188-89 (8th Cir. 1991) (under Missouri law, second-degree burglary is a crime of violence), cert. denied, 112 S. Ct. 986 (1992). We also reject Doss's argument that his 1975 robbery was not a crime of violence. United States v. Wright, 957 F.2d 520, 521-22 (8th Cir.) (robbery, regardless of how committed, is a crime of violence within meaning of § 4B1.1), cert. denied, 113 S. Ct. 167 (1992); U.S.S.G. § 4B1.2 n.2. Thus, the district court properly concluded Doss is a career offender.
 
 
 3
 Doss next asserts the district court should have reduced his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b). The district court did not commit clear error in finding Doss failed to show he was entitled to this reduction at his sentencing hearing. See United States v. Lewis, 978 F.2d 453, 454 (8th Cir. 1992) (standard of review).
 
 
 4
 Doss also argues that the district court erroneously based his offense level on 41.74 grams of heroin because this figure included 22.24 grams of milk-sugar Doss sold as the drug. The district court, however, applied the offense level for career offenders under U.S.S.G. § 4B1.1(C) corresponding to distribution of less than 100 grams of heroin. See 21 U.S.C. § 841(b)(1)(C) (1988). Thus, any error in including the milk-sugar's weight was harmless because Doss's offense level would have been the same even if the weight had been excluded.
 
 
 5
 Doss's other arguments, raised in a pro se supplemental brief, are meritless.
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation