2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frederick L. JACKSON, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 93-1292.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 7, 1993.
Filed: August 6, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frederick L. Jackson appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion. We affirm in part and reverse in part and remand to the district court for further consideration.
 
 
 2
 In 1990, Jackson was convicted of bank robbery in violation of 18 U.S.C. Sec. 2113(d) (Count I) and use of a firearm in connection with the robbery in violation of 18 U.S.C. Sec. 924(c) (Count III). The presentence investigation report (PSR) indicated a base offense level of 18, a two-level increase based on the amount stolen of $37,148, and a two-level increase for obstruction of justice under U.S.S.G. Sec. 3C1.1, resulting in a total offense level of 22. With a criminal history category of II, the Guidelines range was 46 to 57 months on Count I; a statutory mandatory term of five years imprisonment was required on Count III.
 
 
 3
 The district court sentenced Jackson to forty-six months on Count I and to a consecutive sixty-month term on Count III, to be followed by a three-year term of supervised release. Jackson appealed, raising only an evidentiary issue, and we affirmed. United States v. Jackson, 939 F.2d 625, 626-27 (8th Cir. 1991).
 
 
 4
 In October 1992, Jackson filed this section 2255 motion arguing that the Guidelines prohibited the imposition of a separate sentence for violating section 924(c) and that the district court erred by increasing his base offense level by two for obstruction of justice pursuant to section 3C1.1. Jackson stated that his counsel failed to raise these issues on direct appeal even though Jackson requested him to do so. The district court concluded that Jackson's first argument was meritless, and found that there was sufficient evidence to support the two-level enhancement for obstruction of justice because the PSR indicated that Jackson "attempted to impede or obstruct justice by concealing tennis shoes and the weapon used in the offense under a home."
 
 
 5
 On appeal Jackson argues that the district court erred by failing to hold an evidentiary hearing concerning the obstruction-of-justice enhancement; that there was no evidence that he attempted to obstruct justice by hiding the tennis shoes and weapon because the conduct occurred two years before the Federal Bureau of Investigation began investigating him; and that the district court abused its discretion by sentencing him under section 924(c) instead of merely increasing his sentence for the violation of section 2113(d) under U.S.S.G. Sec. 2B3.1(b)(2)(C). For the first time, the government argues Jackson failed to raise these issues at sentencing and on direct appeal.
 
 
 6
 Jackson procedurally defaulted by failing to raise these claims on direct appeal. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992) (unappealed errors to which no contemporaneous objection was made are barred from section 2255 proceeding unless plaintiff can show both cause and prejudice), cert. denied, 113 S. Ct. 1351 (1993). Moreover, while Jackson asserted as cause for his procedural default that his counsel was ineffective on appeal for failing to raise these issues, Jackson did not allege that he had ineffective assistance of counsel at sentencing. See id. The government, however, did not raise procedural default below, the district court ruled on the merits, and the government conceded in subsequent briefing in this court that it could not raise procedural default for the first time on appeal. As a result, we will consider the merits of Jackson's claims.
 
 
 7
 We previously addressed the section 924(c) argument Jackson raises, and we concluded it is meritless. See United States v. Halford, 948 F.2d 1054, 1056-57 (8th Cir. 1991), cert. denied, 112 S. Ct. 1700 (1992); United States v. Doffin, 791 F.2d 118, 120-21 (8th Cir.), cert. denied, 479 U.S. 861 (1986).
 
 
 8
 We review de novo whether section 3C1.1 applies to specific conduct. See United States v. Lamere, 980 F.2d 506, 514 (8th Cir. 1992). At the time Jackson was sentenced, section 3C1.1 stated that a defendant's offense level should be increased by two levels "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." U.S.S.G. Sec. 3C1.1 (Nov. 1, 1989). The non-exhaustive list of conduct that provided a basis for applying the obstruction-of-justice increase included "concealing material evidence, or attempting to do so." U.S.S.G. Sec. 3C1.1, comment (n.1(a)) (Nov. 1, 1989). Jackson concealed or at least attempted to conceal material evidence. The question, therefore, is whether this conduct took place "during the investigation or prosecution of the instant offense."
 
 
 9
 If Jackson had hidden the items after police contacted him during investigation of the bank robbery, his conduct would fall under the purview of section 3C1.1. See, e.g., Lamere, 980 F.2d at 514-16 (defendant concealed evidence after police contacted him concerning crime); United States v. Johnston, 973 F.2d 611, 614 (8th Cir. 1992) (defendant destroyed marijuana plants, fled state, and attempted to get both father and wife to provide false alibi after he learned police were aware of his marijuana-growing activity), cert. denied, 113 S. Ct. 1019 (1993). In addition, Jackson's conduct would have warranted the enhancement if the police had been following him at the time he concealed the evidence. See, e.g., United States v. Sparks, 949 F.2d 1023, 1028 (8th Cir. 1991) (defendant threw down bag of cocaine base and warned others of police's arrival), cert. denied, 112 S. Ct. 1987 (1992). Conduct "that occurs prior to an investigation by law enforcement authorities," however, cannot be reached by section 3C1.1, see United States v. Werlinger, 894 F.2d 1015, 1018-19 (8th Cir. 1990) (defendant attempted to conceal embezzlement from bank auditor), and, even if an investigation was underway when Jackson hid the items under the house, he must have known that an investigation of the bank robbery was underway, or at least known that there was a reasonable probability that an investigation had begun. See United States v. Oppendahl, Nos. 92-3438 and 92-3476, slip op. at 3-4 (8th Cir. July 9, 1993).
 
 
 10
 We conclude that it is impossible to discern from the record whether Jackson acted with the requisite knowledge to warrant the section 3C1.1 enhancement. See United States v. Luna, 909 F.2d 119, 120 (5th Cir. 1990) (per curiam) (concealment of weapon before crime reported and investigation begun is not obstruction of justice). Because it appears that the district court purposefully sentenced Jackson at the bottom of the range the court believed was applicable and we cannot discern whether the district court would have imposed the same sentence without the two-level obstruction-of-justice enhancement, we remand the case to the district court for further proceedings, including an evidentiary hearing if necessary, to determine whether the section 3C1.1 enhancement should have been applied to Jackson under the law as set out above.
 
 
 11
 See, e.g., United States v. Luster, 896 F.2d 1122, 1130 (8th Cir. 1990) (remanding for resentencing where offense level was incorrectly calculated; although sentence was within corrected Guideline ranges, district court sentenced at bottom of what it thought was applicable range and might have imposed lesser sentence if it had known correct range).
 
 
 12
 Accordingly, we affirm in part, reverse in part and remand this case to the district court for further proceedings consistent with this opinion.