16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
L.V. HARRIS, Appellant.
 No. 93-2845.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 L.V. Harris appeals his 108-month sentence imposed by the district court[1] after he pleaded guilty to possession with intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(iii), and to being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). We affirm.
 
 
 2
 According to the presentence report, a confidential informant told authorities that Harris had unknown quantities of cocaine and cocaine base stored in his residence and was selling these substances. In May 1991, officers executed a search warrant, they located Harris and his girlfriend in the bedroom, Harris opened the safe for officers, and they found loaded guns, an electronic scale, cocaine and cocaine base, and cash. Harris admitted that the safe belonged to him, that his girlfriend was not involved in the offense, and that he had been selling illegal drugs for about six months. Harris cooperated with the government by admitting his involvement and pleading guilty in a timely matter.
 
 
 3
 At sentencing, Harris cited United States v. Brown, 985 F.2d 478 (9th Cir. 1993), for the proposition that a defendant may receive a departure under U.S.S.G. Sec. 5K2.0, p.s., for "extraordinary" acceptance of responsibility. Harris argued he exhibited extraordinary acceptance of responsibility in opening the safe for officers and in admitting in writing that the items in the safe belonged to him even though another person was present. The court gave him a reduction for acceptance of responsibility but declined to depart downward from the Guideline range.
 
 
 4
 On appeal, Harris argues only that the district court erred in determining a downward departure for extraordinary acceptance of responsibility under section 5K2.0 was not appropriate.
 
 
 5
 We have consistently held that a district court's discretionary refusal to depart downward is not reviewable. United States v. Johnston, 973 F.2d 611, 614 (8th Cir. 1992), cert. denied, 113 S. Ct. 1019 (1993); United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 922 (1990).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri