UNITED STATES of America, Appellee,

v.

**Jesse Ausbin BROWN, Appellant.**

No. 93–2761.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 28, 1993.

Decided March 15, 1994.

Counsel who represented the appellant was Mark F. Marshall, Rapid City, SD.

Counsel who represented the appellee was Diana J. Ryan, Rapid City, SD. The names of Karen E. Schreier and Diana Ryan of Rapid City, appear on the brief of the appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON,* Senior Circuit Judge.

---

* The Honorable John R. Gibson was an active judge at the time this case was submitted and took senior status on January 1, 1994, before the opinion was filed.

PER CURIAM.

Jesse Ausbin Brown appeals his 235-month sentence imposed by the district court[1] on remand for resentencing. We affirm.

We previously set out the facts upon which a jury convicted Brown on one count of aggravated sexual abuse of a minor child, in violation of 18 U.S.C. § 2241(c), and one count of abusive sexual contact with a minor child, in violation of 18 U.S.C. § 2244(a)(1). *United States v. Brown,* 990 F.2d 397, 398–99 (8th Cir.1993). We upheld Brown's convictions, but remanded for resentencing because we believed the district court's statements were unclear as to whether the court knew it could depart without a government motion under U.S.S.G. § 5K2.0, p.s. We also left for the district court's consideration Brown's contention at oral argument that his criminal history score overrepresented the seriousness of his criminal history.

At resentencing, the district court clarified that it knew it had discretion to depart downward if appropriate reasons could be found under section 5K2.0, and that a government motion was needed to depart under U.S.S.G. § 5K1.1, p.s. The court found no grounds to depart downward under section 5K2.0. Counsel for Brown and for the government apparently agreed with the district court that there were no grounds for departure under section 5K2.0. Brown's counsel argued only that the court should depart under U.S.S.G. § 4A1.3. p.s. because Brown's criminal history category of VI overrepresented the seriousness of his criminal history. Reviewing Brown's extended criminal history, the district court concluded Brown's criminal history category did not overrepresent the seriousness of his criminal history and declined to depart. The court resentenced Brown to 235 months' imprisonment and four years' supervised release.

On appeal, Brown argues that a district court may depart downward from the Guidelines pursuant to section 5K2.0 where the sentence is disproportional to the crime because the Guidelines fail adequately to reflect mitigating factors or because the circumstances of the case are atypical.

We believe the district court made it clear that it did not choose to exercise its discretion to depart. We have consistently held that a district court's discretionary refusal to depart downward is not reviewable. *United States v. Johnston,* 973 F.2d 611, 614 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1019, 122 L.Ed.2d 165 (1993); *United States v. Evidente,* 894 F.2d 1000, 1003–04 (8th Cir.), *cert. denied,* 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Brown's other argument is foreclosed by his failure to raise it earlier.

The judgment and sentence are affirmed.