29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kendall D. FORSYTH, Appellant.
 No. 94-1994.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 22, 1994.
Filed: July 28, 1994.
 
 Before BOWMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kendall Dean Forsyth was tried by jury and convicted on charges of possession of a sawed-off shotgun, a violation of 26 U.S.C. Sec. 5861(c) (1988), and of possession of a machine gun, a violation of 18 U.S.C. Sec. 922(o) (1988). The District Court[1] sentenced him to forty-one months of imprisonment on each count, to be served concurrently. Forsyth appeals, challenging his convictions and his sentence.
 
 
 2
 For reversal of his convictions, Forsyth argues that (1) the District Court erred in finding that Forsyth's wife had voluntarily consented to the search of their residence, and (2) the evidence is insufficient to show that the weapons in question were, in fact, a sawed-off shotgun and a machine gun.
 
 
 3
 Having carefully reviewed the case, we reject these arguments. The finding that Forsyth's wife voluntarily gave her consent to the search of their residence is not clearly erroneous. See United States v. Chaidez, 906 F.2d 377, 380 (8th Cir. 1990). Moreover, we are satisfied the government presented sufficient evidence that the weapons were in fact a sawed-off shotgun and a machine gun. See United States v. Crowell, 559 F.2d 1084, 1084 (7th Cir. 1976) (per curiam) (discussing appropriate proof of length of shotgun barrel); 26 U.S.C. Sec. 5845(b) (1988) (defining "machinegun"). We conclude that the convictions must stand.
 
 
 4
 With respect to his sentencing, Forsyth argues that his sentence at the high end of the applicable guidelines range of thirty-three to forty-one months is unduly harsh given his non- violent, victimless crimes. He does not argue that his sentence was imposed in violation of the law or resulted from an incorrect application of the guidelines, and he concedes that the sentence is within the applicable guidelines range. Accordingly, this Court lacks jurisdiction to review the sentence. See United States v. Gordon, 974 F.2d 97, 100 (8th Cir. 1992).
 
 
 5
 To the extent that Forsyth may be arguing that the District Court erred in failing to grant him a reduction for acceptance of responsibility, we hold that the court's finding that he is not entitled to such a reduction is not clearly erroneous. See United States v. Lewis, 978 F.2d 453, 454 (8th Cir. 1992) (applying clearly erroneous standard of review to district court's findings concerning acceptance of responsibility); United States v. Unzueta- Gallarso, 966 F.2d 390, 391 (8th Cir. 1992) (per curiam) (noting that adjustment for acceptance of responsibility will be available only rarely to a defendant who exercises his right to a trial).
 
 
 6
 For the reasons stated, Forsyth's convictions and sentence are affirmed.
 
 
 
 [1]
 The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa