Devens v. Stern, M.D.                    CV-96-66-SD    01/25/96
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


James W. Devens


     v.                                        Civil No. 93-66-SD


Barry Stern, M.D.


                         O R D E R


     Plaintiff pro se, James W. Devens, has moved to dismiss all

remaining claims in this litigation without prejudice.  Document

74.  Defendant objects to this motion, document 75, and moves for

involuntary dismissal pursuant to Rule 41(b), Fed. R. Civ. P.,[1]

document 76.  In turn, plaintiff has objected to the defendant's

motion.  Document 77.


1.  Background

     In this action, plaintiff has claimed that the defendant,

Barry Stern, M.D., violated his Eighth Amendment rights by

failing or refusing to provide needed medical treatment.  By its

_____

        [1]Rule 41(b), Fed. R. Civ. P., provides in pertinent part
that "[f]or failure of the plaintiff to prosecute or to comply
with these rules or any order of court, a defendant may move for
dismissal of an action or of any claim against the defendant."

order of November 22, 1995, document 71, the court granted plaintiff an extension to December 27, 1995, for the filing of pretrial materials which complied with the requirements of then Local Rule 10(a)(1)A.-N.[2]

## 2. Discussion

As defendant correctly points out, the defendant's answer having been filed, plaintiff is not entitled to a dismissal without prejudice as a matter of right. Rule 41(a), Fed. R. Civ. P.[3] Absent agreement, plaintiff must obtain an order of the district court, and the court may impose terms and conditions upon such dismissal. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D § 2364, at 272-74 (West 1995).

Rule 41(b), supra note 1, permits the district court to dismiss an action involuntarily on defendant's motion. Dismissal as here sought, on the ground of failure to comply with the court ruling (concerning filing of a pretrial statement), is described

---

[2]As of January 1, 1996, new Local Rules became effective in this federal district, but the court is applying the old rules, a copy of which was furnished to plaintiff as regards the pretrial materials required herein.

[3]In two parts, Rule 41(a), Fed. R. Civ. P., governs certain requirements concerning dismissals of an action. Subsection (1) of the rule provides generally that when an answer has been filed a court order is required, and subsection (2) details the fact that such order of the court may include such terms and conditions as the court deems proper.

by a leading authority as "an amorphous ground that, if read literally, would allow dismissal for the most trivial noncompliance with the Federal Rules or court orders." 9 WRIGHT & MILLER, supra, § 2369, at 331. And in the context of prisoner litigation, such as this case concerns, the court should proceed with caution to grant such a motion. Brown v. Frey, 806 F.2d 801 (8th Cir. 1986); Choudry v. Jenkins, 559 F.2d 1084 (7th Cir. 1976), cert. denied sub nom., Indiana, et al v. Choudry, 434 U.S. 997 (1977).

Fairly read, plaintiff's objection to the defendant's motion for involuntary dismissal demonstrates plaintiff's willingness to agree to dismiss this action with prejudice if the defendant in turn agrees to refrain from instituting any litigation against plaintiff arising from the circumstances of this case.

Accordingly, it would appear that if defendant is willing to file, through counsel, a statement agreeing that no further action will be brought against plaintiff by defendant as a result of this matter, the court would be in a position to dismiss the matter with prejudice. If, on the other hand, defendant does not wish to file such a statement, then the case can once more be put into posture for and proceed through trial.

Accordingly, the motions of the respective parties are herewith denied. Defendant is granted 15 days within which to

3

file a statement indicating either that he will refrain from suit against plaintiff or that he does not wish to exercise such restraint.  If the filing indicates defendant's willingness to drop matters, then the court will enter an order dismissing this action with prejudice.

If on the other hand defendant indicates through his filing that he wishes the matter to proceed, the court will then grant plaintiff a period of 20 days from the date of such filing to comply with the court's prior orders that he file the requisite pretrial materials.  Failure of plaintiff to comply with this last extension will result in sanctions which will include involuntary dismissal of this action.


3.  Conclusion

For the reasons hereinabove indicated, the respective motions of the parties have been denied, and the court has set forth terms and conditions upon which the matter is to further proceed.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

January 25, 1996

4

cc:   James W. Devens, pro se
      John A. Lassey, Esq.