No. 96-1130

United States of America, *
                                       *
                  Appellee,            *
                                       *  Appeal from the United States
          v.                           *  District Court for the
                                       *  Northern District of Iowa.
Antonio Lucas,                         *
                                       *        [UNPUBLISHED]
                  Appellant.           *


Submitted:  May 14, 1996

Filed:  July 24, 1996


Before MORRIS SHEPPARD ARNOLD, HEANEY, and HENLEY, Circuit Judges.


PER CURIAM.


     After pleading guilty to distribution of five grams or more of
cocaine base in violation of 21 U.S.C. § 841(a)(1), Antonio Lucas was
sentenced to 188 months incarceration, four years supervised release, and
a fine of $800.  Lucas raises three challenges to his sentence:  (1) the
sentencing guidelines are not mandatory and binding on the district courts;
(2) the disproportionality between sentences for drug offenses involving
powder cocaine and those involving cocaine base is unconstitutional; and
(3) the district court erred by sentencing him as a career offender under
the guidelines.  We affirm.


                              BACKGROUND


     On August 15, 1995, Lucas was charged by information with
distributing five or more grams of cocaine base.  He entered into

a plea agreement with the government.  Lucas agreed to cooperate with the government in its ongoing investigation of drug crimes in Cedar Rapids, Iowa, and the government agreed not to file any additional drug-related criminal charges against Lucas based on either the information it already had or the information Lucas subsequently provided under the agreement.

Prior to sentencing, the probation office prepared a presentence report (PSR) that included two calculations of Lucas's offense level under the sentencing guidelines.  The first calculation was based on the quantity of drugs to which Lucas admitted a connection;[1] it yielded an offense level of 34.  The second computation was based on the application of the career offender guideline, U.S.S.G. § 4B1.1(c); it also yielded an offense level of 34.  The PSR also included a recommendation of a downward adjustment of three levels to reflect Lucas's acceptance of responsibility.  Thus, under either method of calculation, the total offense level would be 31.  Given Lucas's criminal history category of VI under either method of calculation, the corresponding sentencing range was 188 to 235 months.  The court adopted the factual findings and guideline application of the PSR except that it specifically declined to resolve whether Lucas was a career offender.  The court sentenced Lucas to 188 months.

---

[1]On at least two occasions, Lucas met with law enforcement officials and provided them with information about drug purchases he had made from 1993 until the time of his arrest for this offense.  Based on that information, the PSR attributed 343.74 grams of cocaine base to Lucas.  Under the plea agreement, the government granted Lucas limited use immunity for his cooperation, meaning that none of the information Lucas provided under the agreement would be used against him to bring additional criminal charges in the Northern District of Iowa.  However, the agreement provided that such information would be used "by the court or probation office at any time . . . to determine the length of defendant's sentence."  Plea Agreement at 4.  Lucas does not challenge the drug quantity calculation.

Lucas raises three challenges to his sentence on appeal: (1) the sentencing guidelines are not mandatory and binding on the district courts; (2) the disproportionality between sentences for drug offenses involving powder cocaine and those involving cocaine base is unconstitutional; and (3) the district court erred by sentencing him as a career offender under the guidelines. We affirm.

## DISCUSSION

Lucas first argues that the sentencing court improperly ignored its statutory mandate by treating the sentencing guidelines as binding and mandatory. The basic argument--that the Sentencing Reform Act of 1984 gives sentencing courts the discretion to impose an "appropriate" sentence regardless of the applicable guideline sentence--is not novel and our court has squarely rejected it. See, e.g., United States v. Johnston, 973 F.2d 611, 613 (8th Cir. 1992), cert. denied, 506 U.S. 1068 (1993); United States v. Kelly, 956 F.2d 748, 753-56 (8th Cir. 1992) (en banc) (holding that a sentencing court may depart from the sentencing guidelines only in the manner prescribed by the guidelines); but see United States v. Edgar, 971 F.2d 89, 96-99 (8th Cir. 1992) (Heaney, J., concurring and dissenting) (arguing that sentencing court has authority to impose non-guideline sentence that comports with "purposes of sentencing or the nature of the offense as set forth in [the Sentencing Reform Act]"); United States v. Stockton, 968 F.2d 715, 721 (8th Cir. 1992) (Bright, J., concurring) (advocating similar position). Despite Lucas's claim to the contrary, he advances no new legal argument in support of his claim. The district court properly concluded that it was bound by the sentencing guidelines.

Lucas next challenges the guidelines' disparate treatment of cocaine base and powder cocaine. Specifically, Lucas claims that Congress's rejection of a proposed amendment to the guidelines that would have reduced sentences for cocaine base was "without rational

3

basis and bottomed on racial discrimination." This court has upheld the constitutionality of the 100 to 1 penalty ratio for offenses involving crack and powder forms of cocaine on numerous occasions. See United States v. Clary, 34 F.3d 709, 712 (8th Cir. 1994) (providing a comprehensive list of citations to prior decisions by this court on the issue), cert. denied, 115 S. Ct. 1172 (1995); but see United States v. Willis, 967 F.2d 1220, 1226-27 (8th Cir. 1992) (Heaney, J., concurring) (arguing that the crack/powder cocaine disparity is unconstitutional). Given this court's prior determination that Congress had rational motives for creating the distinction between powder cocaine and cocaine base, we find no merit to the argument that, despite the plain language of 28 U.S.C. § 994(p),[2] Congress was bound to accept the Sentencing Commission's proposed amendment to lower sentences for offenses involving cocaine base. Lucas's constitutional challenge to the sentencing disparity between cocaine base and powdered cocaine fails.

Finally, Lucas contends that the district court erred by sentencing him as a career offender under U.S.S.G. §4B1.1. This issue is a purely academic one. The court explicitly declined to decide whether Lucas was a career criminal under the guidelines and

---

[2]As part of establishing the Sentencing Commission and empowering it to amend the sentencing guidelines, Congress specifically reserved the right to reject an amendment to the guidelines in whole or in part. Congress provided, in relevant part:

> [A]n amendment or modification [to the guidelines] shall be accompanied by a statement of the reasons therefor and shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year in which the amendment or modification is submitted, except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress.

28 U.S.C. § 994(p) (emphasis added).

such a determination was unnecessary.  Lucas would have received the same sentence whether the court applied the career offender guideline or sentenced Lucas on the basis of the drug quantity and his actual criminal history.  We find no error in the court's imposition of sentence in this case.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

5