**UNITED STATES of America, Appellee,**

v.

**Paul Dean SMITH, Appellant.**

**No. 91–3466.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1992.

Decided April 20, 1992.

Ted Thomas, Little Rock, Ark., argued, for appellant.

Kevin T. Alexander, Little Rock, Ark., argued (Charles A. Banks, on brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, PECK *, Senior Circuit Judge, and BEAM, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Paul Dean Smith appeals the sentence imposed by the district court[1] on his guilty plea to possession of marijuana with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 845(a). The only issue on appeal is the claimed unconstitutionality of the statute and guideline basing sentencing on the number of marijuana plants. 21 U.S.C. § 841(b)(1)(A)(vii) and U.S.S.G. § 2D1.1(c). We affirm.

Smith admitted planting and tending a marijuana crop within 1000 feet of a public school. Local law enforcement authorities seized 1010 plants from the crop. The district court calculated Smith's offense level under the Guidelines Drug Quantity Table by counting each plant as one kilogram of

---

* The Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

marijuana. *See* U.S.S.G. § 2D1.1(c), comment. (if over fifty plants, count each plant as one kilogram of marijuana). Smith's adjusted offense level was 32. Given Smith's criminal history category of I, his sentencing range was 121–151 months imprisonment. In addition, Smith was subject to a ten-year statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(vii) (ten-year minimum applies to offense involving 1000 or more kilograms of marijuana or 1000 or more plants regardless of weight). The district court sentenced Smith to 125 months imprisonment.

Smith challenges the constitutionality of 21 U.S.C. § 841(b)(1)(A)(vii) and U.S.S.G. § 2D1.1(c), which provide for sentencing based on the number of plants (if fifty or more) rather than the weight of the plants or the amount of net marketable product. Smith contends these provisions violate his due process rights because they irrationally equate one plant with one kilogram of marketable marijuana.

Like the district court below, the circuit courts which have addressed this argument have upheld the challenged provisions. *See United States v. Lee*, 957 F.2d 778, 784 (10th Cir.1992) (section 841(b)(1)(B)(vii)'s five-year minimum for 100 plants or 100 kilograms does not violate equal protection); *United States v. Belden*, 957 F.2d 671, 675–76 (9th Cir.1992) (U.S.S.G. § 2D1.1 withstands due process challenge); *United States v. Webb*, 945 F.2d 967, 968–69 (7th Cir.1991) (U.S.S.G. § 2D1.1 constitutional), *cert. denied,* —— U.S. ——, 112 S.Ct. 1228, 117 L.Ed.2d 463 (1992); *United States v. Lewis*, 762 F.Supp. 1314, 1315–17 (E.D.Tenn.) (same), *aff'd.*, 951 F.2d 350 (6th Cir.1991) (Table). The cases suggest Congress intended to account for the heightened culpability of growers because of their primacy in the distribution chain, rather than to punish them based on the predictable yield of their plants. *See Lee*, 957 F.2d at 784 (Congress intended to punish growers by scale or potential of operation, not weight of plants; cultivation creates greater potential for abuse than possession); *Belden*, 957 F.2d at 675–76 (equating one plant with one kilogram ra-

tionally related to recognition of higher level of culpability of growers, who operate at top of distribution chain); *Lewis*, 762 F.Supp. at 1317 (Congress may have equated one plant with one kilogram based on culpability not weight). Viewed in this light, the challenged ratio is not irrational.

Accordingly, we affirm.