UNITED STATES of America, Appellee,

v.

Robert Stephen COONES, Appellant.

UNITED STATES of America, Appellee,

v.

Mickey Dean JOHNSTON, Appellant.

Nos. 92–2113, 92–2257.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1992.

Decided Dec. 28, 1992.

Lynn Williams, Hot Springs, AR, for appellant Coones.

Sam L. Anderson, Sr., Hot Springs, AR, for appellant Johnston.

David R. Ferguson, Asst. U.S. Atty., Fort Smith, AR, for appellee.

Before McMILLIAN, BOWMAN and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Robert Stephen Coones and Mickey Dean Johnston appeal their sixty-month sentences imposed by the District Court[1] for the Western District of Arkansas after they pleaded guilty to growing marijuana. We affirm.

In July 1991, the government charged Coones and Johnston with aiding and abetting each other in the manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. They pleaded guilty without a plea agreement. A presentence report (PSR) was prepared for each of them.

The district court found that 147 marijuana plants were contained in the marijuana

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

patch Coones and Johnston had been growing. Because the offense involved fifty or more plants, each plant was treated as one kilogram of marijuana. *See* U.S.S.G. § 2D1.1(c) & comment. (backg'd). The offense also carried a mandatory minimum prison sentence of five years under 21 U.S.C. § 841(b)(1)(B)(vii) (100 kilograms of marijuana or 100 marijuana plants regardless of weight).

The district court overruled Coones's objection to the mandatory minimum sentence and to the one plant/one kilogram ratio. It set the base offense level in each case at 26, *see* U.S.S.G. § 2D1.1(c)(9) (at least 100 but less than 400 kilograms of marijuana), and granted a two-level decrease for acceptance of responsibility. The district court calculated Coones's sentencing range at 60–63 months, based on a total offense level of 24 and a category I criminal history; it calculated Johnston's sentencing range at 60–71 months, based on the same offense level and a category II criminal history. The district court sentenced Coones and Johnston to sixty months imprisonment each.

■ Coones and Johnston appealed. Coones argues that the application of 21 U.S.C. § 841(b)(1)(B)(vii) and Guidelines § 2D1.1(c) against him constituted cruel and unusual punishment in violation of the Eighth Amendment, because the one plant/ one kilogram ratio is irrational and the sixty-month mandatory minimum sentence is unduly severe. We disagree. We recently rejected an argument that the marijuana equivalency provision is irrational. *See United States v. Smith*, 961 F.2d 1389, 1390 (8th Cir.1992). As we explained in that case, Congress intended to punish marijuana growers based on their place in the chain of distribution, rather than on the predictable yield of their plants. *Id.* We do not agree that Coones's five-year sentence is grossly disproportionate to his offense. *See Harmelin v. Michigan*, — U.S. —, —, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) (Eighth Amendment forbids only sentences that are grossly disproportionate to the crime; life sentence without parole for possession of less than one kilogram of

cocaine not cruel and unusual punishment); *cf. United States v. Mendoza*, 876 F.2d 639, 640 (8th Cir.1989) (holding, in non–Guidelines case, that mandatory minimum penalties under 21 U.S.C. § 841(b)(1) do not impose cruel and unusual punishment).

■ Johnston argues that his sentence constitutes cruel and unusual punishment because the unproductive male marijuana plants, which probably comprised one-half of the 147 plants, were assessed against him. He maintains that it is unfair to count the male plants, because marijuana growers apprehended in the later stages of cultivation—when the male plants have been discarded—would receive a lesser sentence than a grower, like himself, who is apprehended in the earlier stages of cultivation. We reject Johnston's arguments. *See United States v. Curtis*, 965 F.2d 610, 616 (8th Cir.1992) (rejecting argument that only female marijuana plants may be counted in calculating base offense level); *see also United States v. Webb*, 945 F.2d 967, 969 (7th Cir.1991) (noting, in upholding one plant/one kilogram ratio in cases involving more than fifty plants, that it is irrelevant that defendant might not have been caught until he had weeded out male plants), *cert. denied*, 112 S.Ct. 1228 (1992).

Accordingly, we affirm the judgments of the district court.