8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alan Leroy SURFACE, Defendant-Appellant.
 No. 93-5124.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-92-127-R)
 Jeffrey D. Rudd, Roanoke, Virginia, for Appellant.
 Morgan E. Scott, Jr., United States Attorney, E. Ann Hill, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alan Leroy Surface appeals the sentence he received on his guilty plea to conspiracy to manufacture marijuana, 21 U.S.C.A. § 846 (West Supp. 1993), contending that the district court clearly erred in finding that he conspired to manufacture more than fifty marijuana plants. We affirm.
 
 
 2
 Officers of the United States Forest Service and the Virginia State Police discovered ninety-eight marijuana plants growing in a mountainous area in May 1992. They monitored the planted area and observed that the male plants were removed in July, leaving forty-eight female plants. In September 1992, Surface and a co-defendant were arrested as they were harvesting the female plants.
 
 
 3
 The probation officer included all ninety-eight plants as relevant conduct in calculating the offense level. Under the sentencing guidelines, in an offense involving more than fifty marijuana plants, each plant is treated as the equivalent of one kilogram of marijuana. United States Sentencing Commission, Guidelines Manual, § 2D1.1(c), comment. (backg'd) (Nov. 1992).
 
 
 4
 Surface objected to the inclusion of the female plants, and testified at the sentencing hearing that he grew the marijuana for his own consumption. He said he removed the male plants so that the female plants would become more potent. A special agent of the Virginia State Police testified for the government that male marijuana plants also contain THC, the active ingredient in marijuana, and are marketable, but contain considerably less THC than the female plants. The district court found that § 841 does not distinguish between male and female marijuana plants, and that Surface had conspired to manufacture over fifty plants.
 
 
 5
 On appeal, Surface concedes that he grew more than fifty plants, but argues that he "manufactured" only forty-eight plants. He provides no authority for making such a distinction under the statute. On the contrary, both male and female plants were correctly used to determine his sentence. See United States v. Barton, 995 F.2d 931 (9th Cir. 1993); United States v. Proyect, 989 F.2d 84 (2d Cir. 1993), petition for cert. filed, 61 U.S.L.W. 3854 (U.S. June 8, 1993) (No. 921950); United States v. Coones, 982 F.2d 290 (8th Cir. 1992).
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED