UNITED STATES of America, Appellee,

v.

John R. MARSHALL, Appellant.

No. 93–3609.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1994.

Decided July 1, 1994.

Frederick D. Franklin, Omaha, NE, argued, for appellant.

Michael P. Norris, Asst. U.S. Atty., Omaha, NE, argued, for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

John R. Marshall appeals a sentence of eighty-seven months imprisonment after a guilty plea to manufacturing and possessing with intent to manufacture in excess of one hundred marijuana plants. We affirm.

This case is before us for the second time. The district court originally sentenced Marshall to sixty-six months imprisonment, after a *sua sponte* downward departure from the United States Sentencing Guidelines. The government appealed that sentence and we remanded for resentencing. *United States v. Marshall*, 998 F.2d 634 (8th Cir.1993). We held that disagreement with the Guidelines does not justify departure. *Id.* at 635. However, we remanded for further consideration of the constitutional validity of the guideline provision that sets a conversion ratio of one kilogram of marijuana per plant for fifty or more plants as compared to a ratio of one hundred grams per plant for forty-nine or fewer plants (the "ten-to-one" ratio). *Id.* at 635 n. 1; *see* U.S.S.G. § 2D1.1(c), comment. (backg'd.). We noted that this circuit has ruled that it is not irrational to equate one marijuana plant with one kilogram of marijuana, but we invited exploration of the issue of the surprising degree of disparity present in the conversion ratio. *Marshall*, 998 F.2d at 635; *see United States v. Angell*, 11 F.3d 806, 811 (8th Cir.1993) (rejecting equal protection and due process challenges to the weight equivalency provision of section 2D1.1(c)), *cert. denied*, Nos. 93–8262/9125, —— U.S. ——, 114 S.Ct. 2747, 129 L.Ed.2d 865 (1994); *United States v. Johnston*, 973

F.2d 611, 613 (8th Cir.1992) (rationality of ratio is foreclosed in this circuit), *cert. denied,* —— U.S. ——, 113 S.Ct. 1019, 122 L.Ed.2d 165 (1993); *United States v. Smith,* 961 F.2d 1389, 1390 (8th Cir.1992) (challenged ratio is not irrational because volume growers are more culpable).

■ We admonished Marshall to present only novel arguments and not "mere repetition of prior rejected arguments, without new facts or legal analysis." *Marshall,* 998 F.2d at 635 n. 2. We agree with the district court that Marshall has not provided any new facts or legal analysis. His argument is a mere repetition of the arguments we rejected in *Angell,* 11 F.3d at 813, *Johnston,* 973 F.2d at 613 and *Smith,* 961 F.2d at 1390. Accordingly, we reject Marshall's substantive due process challenge.

■ On remand, Marshall argued for the first time that there was insufficient evidence that he possessed 414 marijuana plants.[1] He asserts that more than one hundred of the 414 plants seized from his home had no root hairs and should not be counted. We review a district court's determination of the quantity of drugs relevant to a defendant's offense only for clear error. *United States v. Cassidy,* 6 F.3d 554, 557 (8th Cir.1993).

■ The evidence established that 414 marijuana plants were removed from Marshall's residence. Transcript of Resentencing Proceedings ("Transcript") at 10. The plants were not examined for root structure and have since been destroyed. *Id.* at 43. The district court was entitled to discredit Marshall's testimony that he "cloned" (or planted cuttings of) over one hundred plants on the night before he was arrested. *See United States v. Wyatt,* 19 F.3d 1283, 1284 (8th Cir.1994). Furthermore, Marshall admitted that his intention in making those cuttings was to produce other viable marijuana plants which he could in turn cultivate. Transcript at 34. Under the circumstances,

we find no clear error by the district judge. Accordingly, Marshall's sentence is affirmed.

---

1. The government argues that Marshall has waived this argument or that it is precluded by the doctrine of "law of the case." In light of our disposition, we will not address these arguments.