59 F.3d 167
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome DANMEIER, Defendant-Appellant.
 No. 94-5600.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1995.
Decided June 22, 1995.
 
 ARGUED: James Hardy Price, III, LAW OFFICES OF JAMES H. PRICE, III, P.A., Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 ON BRIEF: J. Preston Strom, Jr., United States Attorney, Greenville, South Carolina, for Appellee.
 Before WILKINSON and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 South Carolina sheriff's deputies caught Jerome Danmeier growing 96 marijuana plants on his farm. Thereafter, a federal grand jury indicted Danmeier for, among others, the crime of manufacturing marijuana. See 21 U.S.C. Sec. 841(a)(1). Under a plea agreement, Danmeier entered a conditional guilty plea to the manufacturing offense, and the government dropped the other charges. Danmeier reserved the right to challenge the constitutionality of his sentence.
 
 
 2
 At sentencing Danmeier argued that the rules for assigning a "weight" to marijuana plants for sentencing purposes violate the equal protection clause. See 21 U.S.C. Sec. 841(b); U.S.S.G. Sec. 2D1.1(c). Under these rules the "weight" of each plant depends on the number of plants one cultivates. Specifically, the rules assign a weight of 100 grams to each plant if a grower has between 1 and 49 plants. If, however, a grower is caught with more than 49 plants, the rules treat each plant as if it weighed a kilogram.
 
 
 3
 The district court rejected Danmeier's constitutional claim. It then sentenced Danmeier to 37 months imprisonment. Danmeier's sentence was at the low end of the applicable guideline range (37--46 months) and reflected a three-point downward adjustment in the base offense level because Danmeier accepted responsibility for his crime.
 
 
 4
 Danmeier now appeals his sentence. He continues to argue that the sentencing rules for converting plant numbers to weight lack a rational basis and therefore violate the equal protection clause.
 
 
 5
 The rationality of the weight assignment scheme for marijuana growers has withstood challenge many times. United States v. Underwood, 970 F.2d 1336, 1339-40 (4th Cir.1992); United States v. Taylor, 985 F.2d 3, 9 (1st Cir.), cert. denied, 113 S.Ct. 2425 (1993); United States v. Proyect, 989 F.2d 84, 88-89 (2d Cir.), cert. denied, 114 S.Ct. 80 (1993); United States v. Holmes, 961 F.2d 599, 602-03 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992); United States v. Webb, 945 F.2d 967, 968-69 (7th Cir.1991), cert. denied 502 U.S. 1116 (1992); United States v. Smith, 961 F.2d 1389, 1390 (8th Cir.1992); United States v. Belden, 957 F.2d 671, 674-76 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992); United States v. Lee, 957 F.2d 778, 779-85 (10th Cir.), cert. denied, 113 S.Ct. 475 (1992); United States v. Osburn, 955 F.2d 1500, 1506-10 (11th Cir.), cert. denied, 113 S.Ct. 223 (1992). On the basis of this authority, we affirm Danmeier's sentence.
 
 AFFIRMED