No. 96-1601

United States of America,          *
                                   *
          Appellee,                *
                                   * Appeal from the United States
     v.                            * District Court for the
                                   * District of Nebraska.
John R. Marshall,                  *
                                   *        [PUBLISHED]
          Appellant.               *


                    Submitted:  September 3, 1996

                        Filed:  September 11, 1996


Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.


PER CURIAM.


     John Marshall appeals from the sixty-month sentence imposed by the District Court[1] after it granted his motion for resentencing. We affirm.

     This is the third appeal following Marshall's guilty plea to manufacturing and possessing with intent to manufacture in excess of 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (1994).  After the government appealed Marshall's initial sentence, we reversed and remanded for resentencing.  United States v. Marshall, 998 F.2d 634, 635 (8th Cir. 1993).  On remand, the District Court sentenced Marshall to eighty-seven months imprisonment and a five-year term of supervised release.  We affirmed, rejecting Marshall's arguments that (1) the United States

----

     [1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Sentencing Guidelines' treatment of fifty or more marijuana plants was arbitrary and capricious and thus violated his due process rights, and (2) the District Court erred in calculating the number of marijuana plants involved.  United States v. Marshall, 28 F.3d 801, 802 (8th Cir. 1994).

Marshall subsequently filed a motion for reconsideration of resentencing, based on a November 1995 retroactive amendment to U.S.S.G. § 2D1.1.  This amendment established a presumptive weight of 100 grams of marijuana per marijuana plant.[2]  See U.S.S.G. App. C, Amend. 516 (Nov. 1995); U.S.S.G. § 1B1.10(c) (Amendment 516 to be applied retroactively). The District Court granted Marshall's motion, imposed the minimum sixty-month sentence required by 21 U.S.C. § 841(b)(1)(B) (1994), and reimposed the five-year term of supervised release.

On appeal, Marshall argues that Amendment 516 made the statutory minimum sentence arbitrary and capricious, that he should not have received a Guidelines enhancement for possessing a firearm, and that the five-year term of supervised release was arbitrary and capricious.

We conclude that the District Court properly resentenced Marshall to sixty months imprisonment.  Amendment 516 could not be applied to lower Marshall's sentence below the statutory mandatory minimum.  See U.S.S.G. § 5G1.1(c)(2); United States v. Silvers, 84 F.3d 1317, 1325 (10th Cir. 1996).  We have previously held that section 841(b)(1)(B)(vii) and its concomitant mandatory minimum sentence provision are constitutional, see United States v. Coones, 982 F.2d 290, 292 (8th Cir. 1992), and we conclude that Amendment 516 did not render it unconstitutional, cf. United States v.

---

[2]This presumptive weight is to be followed unless the actual weight of usable marijuana is greater than 100 grams per plant. See U.S.S.G. App. C., Amend. 516 (Nov. 1995).

Stoneking, 60 F.3d 399, 402-03 (8th Cir. 1995) (en banc) (finding that Sentencing Commission could not establish new mandatory minimum sentences by amending Guidelines, and that dual weight method for offenses involving LSD did not violate due process because it was rational basis for punishment), cert. denied, 116 S. Ct. 926 (1996).

We do not consider Marshall's other arguments, which should have been raised during his earlier appeal. See United States v. Kress, 58 F.3d 370, 373-74 (8th Cir. 1995). In any event, these other arguments are immaterial, as the District Court imposed the mandatory minimum sentence and not the recommended Guidelines sentence.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.