99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loren Todd GONDA, Defendant-Appellant.
 No. 96-1151.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 Before: JONES, RYAN, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Loren Todd Gonda, a federal prisoner proceeding pro se, appeals the district court's amended order denying his motion to reduce sentence filed under 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1994, Gonda pleaded guilty to one count of conspiracy to manufacture marijuana. The government had notified Gonda that evidence he had grown 100 or more marijuana plants could subject him to enhanced penalties under 21 U.S.C. § 841(b)(1)(B)(vii). On February 13, 1995, the district court sentenced Gonda to the mandatory minimum sentence of 60 months in prison, based upon a finding that he was responsible for 232 marijuana plants, followed by four years of supervised release. Gonda did not file a direct appeal.
 
 
 3
 In his motion to reduce sentence, Gonda requested the district court to apply Amendment 516 to the U.S. Sentencing Guidelines retroactively to reduce his sentence to fall within a recalculated sentencing range of 24-30 months. That amendment, effective November 1, 1995, reduced the previous equivalency rating of one marijuana plant = one kilogram of marijuana for 50 or more plants, to one plant = 100 grams of marijuana, regardless of the number of plants. The district court denied Gonda's motion in an amended opinion and order filed on January 12 and entered on January 16, 1996, on the ground that the court could not impose a guidelines sentence below the mandatory minimum sentence established by statute. On appeal, Gonda continues to argue the merits of his motion.
 
 
 4
 Upon review, we affirm the district court's order for the reason stated therein. Under Amendment 516, which is retroactively applicable pursuant to USSG § 1B1.10, the weight equivalency of Gonda's 232 marijuana plants would be reduced from 232 kilograms to 23.2 kilograms, with his guidelines sentencing range reduced accordingly. However, where a statutorily mandated minimum sentence is greater than the maximum of the applicable guideline range, the district court must impose the statutory minimum sentence. USSG § 5G1.1(b); Neal v. United States, 116 S.Ct. 763, 768 (1996); United States v. Barnes, 49 F.3d 1144, 1150 (6th Cir.1995). The statute in this case provides for a minimum sentence of five years for a violation involving "100 kilograms or more of a mixture of substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight." 21 U.S.C. § 841(b)(1)(B)(vii) (emphasis added). Gonda's offense involved 232 marijuana plants. Because the district court imposed the statutory minimum sentence of 60 months, Gonda's sentence must stand despite Amendment 516.
 
 
 5
 Accordingly, the district court's order, entered on January 16, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.