# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————————

No. 97-3765WM

——————————

| | | |
|---|---|---|
| Donny Rex Easley, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

——————————

Submitted: June 19, 1998
Filed: July 7, 1998

——————————

Before FAGG, BEAM, and HANSEN, Circuit Judges.

——————————

PER CURIAM.

Donny Rex Easley appeals the district court's denial of Easley's 28 U.S.C. § 2255 motion. The district court determined Easley's motion was a second section 2255 motion filed without the permission of this court and granted a certificate of appealability on this determination.

Before he filed the motion that is the subject of this appeal, Easley sought a reduction in his sentence under 18 U.S.C. § 3582(c)(2) (1994). After the district court granted this motion and resentenced Easley to the mandatory minimum term of imprisonment, Easley filed what he styled as a motion under Federal Rule of Civil

Procedure 59. In this motion, Easley asked the court to revisit his sentence, asserting the mandatory sentencing statute was unconstitutional. The district court denied the motion.

We believe Easley's Rule 59 motion was properly construed as a section 2255 motion, and his present motion was properly denied as a second section 2255 motion filed without the permission of this court. <u>See</u> 28 U.S.C. § 2255 (1994); <u>cf.</u> <u>Bannister v. Armontrout</u>, 4 F.3d 1434, 1445-56 (8th Cir. 1993) (§ 2254 petitioner's Rule 59(e) motion raising due process challenge properly construed as second § 2254 petition), <u>cert. denied</u>, 513 U.S. 960 (1994). Even assuming Easley's Rule 59 motion was not a section 2255 motion, his challenge to the mandatory minimum sentence is foreclosed by this court's decision in <u>United States v. Smith</u>, 961 F.2d 1389, 1390 (8th Cir. 1992).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.