# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3717EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Eastern District |
| v. | * | of Arkansas. |
| | * | |
| Daniel Mark Wolfe, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 23, 2000

Filed: June 5, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Daniel Mark Wolfe pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. Although the District Court initially favored sentencing him to 100 months' imprisonment, the government argued that the Court could not impose a sentence below the statutory minimum for the offense. See 21 U.S.C. § 841(b)(1)(A)(viii). The Court agreed and sentenced Wolfe to ten years and one month (121 months), and five years supervised release. On appeal, Wolfe argues that the Court should have sentenced him to 100 months, a sentence that fell within the Guidelines imprisonment range, without regard to the statutory minimum.

We disagree.  Wolfe had to be sentenced to at least 120 months imprisonment, the statutory minimum.  See U.S. Sentencing Guidelines Manual § 5G1.1(c)(2) (1998) (sentence may be imposed at any point within Guidelines range, but not less than statutory minimum sentence); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996) (per curiam) (Guidelines cannot set sentence lower than statutory minimum); United States v. Stoneking, 60 F.3d 399, 402 (8th Cir. 1995) (en banc) (when statute and Guidelines conflict, statute controls), cert. denied, 516 U.S. 1119 (1996).  He was not eligible to be sentenced under the provision that authorizes the imposition of a sentence without regard to the statutory minimum because he had more than one criminal history point and possessed a firearm in connection with the offense.  See 18 U.S.C. § 3553(f)(1) and (2); U.S. Sentencing Guidelines Manual § 5C1.2(1) and (2) (1998).

However, having reviewed the record, we are concerned that the District Court may have relied upon the government's sentencing memorandum, which incorrectly referred to 121 months as the statutory minimum, in selecting Wolfe's sentence.  We therefore remand the case for the limited purpose of allowing the Court to consider imposing a 120-month sentence, the true statutory minimum.  See Fed. R. Crim. P. 36.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.