**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jon R. DENTON, Defendant–Appellant.**

**No. 03–5048.**

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2003.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

### ORDER

This is an appeal from a district court judgment denying a motion to modify a criminal sentence filed on the authority of 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Jon Robert Denton was sentenced to two consecutive sixty month sentences after pleading guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and to the use and carrying of a firearm during the commission of a drug offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Denton filed a § 3582(c)(2) motion to modify this sentence in 2001. The United States Attorney responded in opposition and the district court denied the relief sought. This appeal followed.

The issue for review is whether the district court abused its discretion by denying Denton's motion to modify sentence filed on the authority of 18 U.S.C. § 3582(c)(2). *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made, *United States v. Tocco*, 200 F.3d 401, 420 (6th Cir.2000), and a court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Harper v. Parker*, 177 F.3d 567, 571–72 (6th Cir.1999). An examination of the record and law using this standard shows that the district court did not make a mistake in denying Denton's § 3582(c)(2) motion.

A review of the underlying conviction is necessary to an understanding of the issue presented, namely, whether Denton's sixty-month sentence for his § 841(a)(1) violation was the product of a statutory minimum or of a guideline calculation. The proceedings against Denton began with the filing of a criminal complaint on August 14, 1992, following a search of Denton's residence. Included in the complaint is the observation that law enforcement agents found a sawed-off shotgun and 356 marijuana plants at the residence. Denton was later indicted on drug and firearm related counts. In particular, Count 2 charged Denton with possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(b)(1) and 21 U.S.C. § 841(b)(1)(B). Section 841(b)(1)(B), the penalty provision under which Denton clearly was charged, provided for a statutorily mandated five year minimum term of imprisonment for, in part, any violation of § 841(a) involving "100 or more marihuana plants regardless of weight." 21 U.S.C. § 841(b)(1)(B)(vii). The parties eventually entered into a plea agreement whereby Denton would plead guilty to Counts 2 and 3 of the indictment. The plea agreement plainly noted that Denton's § 841(a)(1) offense was to be punished "pursuant to 21 U.S.C. § 841(b)(1)(B)." Counsel for Denton filed a sentencing memorandum after the plea was accepted in which he noted that "[t]he drug offense has a mandatory minimum term of imprisonment of five (5) years." The pre-sentence report contemplated a five year minimum for Count 2 and, finally, the judgment and commitment order carried with it the district court's observation that "[b]oth counts require mandatory 60 month sentences pursuant to statute."

It is against this factual background that Denton now claims he received a guideline sentence, as opposed to a statutorily mandated term of imprisonment, for Count 2

and that he is entitled to receive the benefit of a downward alteration in that range. In 2001, Denton filed the present motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that a district court may modify the sentence of a defendant who has been sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered. Denton correctly noted that Amendment 516 to the guidelines, effective November 1, 1995, changed the weight calculation applicable to marijuana plants from 1,000 grams to 100 grams. Denton also correctly wrote that the district court had the discretion to apply Amendment 516 retroactively. USSG § 1B1.10(c) (Nov. 1, 1995). Denton thus argued that 1) his sentence had been derived from a guideline range based on the old system of marijuana weights, 2) his guideline range was lowered by the operation of Amendment 516, so that 3) he was therefore entitled to have his sentence recalculated below sixty months for Count 2, the § 841(a)(1) conviction. The district court denied the motion on the grounds that Denton's sixty-month sentence for the § 841(a)(1) conviction was the product of the statutory minimum and not the sentencing guidelines.

The district court's judgment is patently correct. The district court held that, regardless of any change that may have occurred in the guideline range applicable to Denton, the record of the criminal proceedings shows that his sentence was the product of a mandatory statutory minimum of sixty months. The recitation of the criminal proceedings as detailed above supports this conclusion in all respects. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b); *see also United States v. Marshall*, 95 F.3d 700, 701 (8th Cir.1996) (stating that Amendment 516 could not lower the defendant's sentence below the 60-month statutory mandatory minimum). Counsel for the United States properly notes that another panel of this court reached the same result in an unreported decision. *See United States v. Gonda*, No. 96-1151, 1996 WL 607136 (6th Cir. Oct. 22, 1996) (unpublished order). The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.