**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL LEE LARSEN,

    Defendant - Appellant.

No. 09-4205
(D. Utah)
(D.C. No. 2:00-CR-00041-DAK-1)

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

PAULINE K. BLAKE,

    Defendant - Appellant

No. 09-4209
(D. Utah)
(D.C. No. 2:00-CR-00041-DAK-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral argument.

Daniel Lee Larsen and Pauline Kay Blake, appearing pro se,[1] appeal from the district court's denial of their motions for relief pursuant to Fed. R. Crim. P. 36. Rule 36 permits a court to "correct a clerical error . . . or correct an error . . . arising from oversight or omission." The district court concluded it lacked jurisdiction to consider Larsen and Blake's motions because they sought substantive modifications of their sentences. We agree and affirm.

## I. BACKGROUND

Larsen and Blake were convicted of conspiracy to manufacture methamphetamine and related offenses. Larsen was sentenced to 384 months imprisonment and Blake was sentenced to 210 months imprisonment. They filed a direct appeal challenging the denial of their motions to suppress. The government filed a cross-appeal challenging the court's decision to depart downward from the guideline range in sentencing Blake. We affirmed the denial of the motions to suppress but reversed Blake's sentence and remanded for resentencing. See United States v. Larson, 63 Fed. Appx. 416, 418 (10th Cir. 2003) (unpublished). On remand, the court sentenced Blake to 292 months imprisonment.

Larsen filed a 28 U.S.C. § 2255 petition raising multiple challenges to his

---

[1] We liberally construe Larsen and Blake's pro se filings. See Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).

conviction and sentence. The district court denied the petition on the merits. We denied a COA and dismissed Larsen's appeal. *United States v. Larsen*, 175 Fed. Appx. 236, 238 (10th Cir. 2006) (unpublished).

Larsen next filed a motion pursuant to Fed. R. Crim. P. 36 to correct the spelling of his name. The district court granted the motion and entered an amended judgment reflecting the correction. Larsen appealed from the judgment attempting to raise claims relating to his conviction and sentence. The government moved to dismiss the appeal arguing, among other things, Larsen lacked standing because the district court granted his motion. We agreed and dismissed the appeal.

In 2009, Larsen and Blake filed nearly identical motions entitled: "Motion to Correct Oversight or Omission Pursuant to Federal Rule of Criminal Procedure, Rule 36." (R. Vol. I at 483, 509.) They argued their sentences should be reduced because (1) the probation officer used the wrong edition of the United States Sentencing Guidelines in preparing their presentence reports; and (2) the presentence reports misstated the actual amount of methamphetamine.

The district court concluded it lacked jurisdiction over Larsen and Blake's motions because they were "seeking to revisit the propriety of their sentences" and thus, the motions "raise[d] substantive issues" that were beyond the scope of Rule 36. (R. Vol. I at 551.) The court noted even if it did have jurisdiction, Larsen and Blake's arguments "have no merit." (*Id.*) Larsen and Blake each filed a notice of appeal and their appeals

were assigned separate case numbers.[2] These appeals have not been consolidated but we treat them together because they arise from the same order of the district court and involve the same principal issue.

## II. DISCUSSION

We review de novo whether the district court correctly determined it lacked jurisdiction to modify Larsen and Blake's sentences. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Larsen and Blake do not contend the court had statutory authorization to modify their sentences. Instead, they argue the court had the inherent authority to do so pursuant to Rule 36.[3]

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." As we have explained, this Rule "gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948-949 (10th Cir. 1996) (citations omitted). It is clear Larsen

---

[2] On March 3, 2010, we granted the government's motion to file a consolidated brief. Larsen and Blake thereafter filed a joint reply brief.

[3] They claim they are "using Rule 36 to fix the P.S.I. and once it is corrected, [they] would like the court to use that P.S.I. to sentence [them]." (Larsen's Opening Br. at 6; Blake's Opening Br. at 6.)

and Blake seek substantive modifications to their sentences; they do not seek to correct a clerical error.

Larsen and Blake contend this case is analogous to *United States v. Wolfe*, 215 F.3d 811 (8th Cir. 2000) (per curiam). If so, it is not persuasive.[4] The district court correctly concluded it lacked jurisdiction to consider Larsen and Blake's motions based on the plain language of the rule and Circuit precedent.[5]

Larsen requests this Court "allow him to do a second 2255 on the grounds of newly discovered evidence[.]" (Larsen's Opening Br. at 6.) A prisoner cannot file a second or successive petition for habeas corpus unless it is certified by the Court of Appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Larsen claims he "just found th[e] information" which formed the

---

[4] In *Wolfe*, the Eighth Circuit expressed concern "that the District Court may have relied upon the government's sentencing memorandum, which incorrectly referred to 121 months as the statutory minimum, in selecting [the defendant's] sentence." *Id.* at 812. The court "remand[ed] the case for the limited purpose of allowing the Court to consider imposing a 120-month sentence, the true statutory minimum." *Id.* The court cited Rule 36 in support of its holding but did not recite the language of the Rule and did not discuss its applicability. *Wolfe* has been cited only one time, and not for its reliance upon Rule 36. *See United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir. 2003) (citing *Wolfe* for the proposition that the statutory minimum sentence sets the guideline minimum sentence).

[5] Even if the district court had jurisdiction to consider Larsen and Blake's motions, it correctly concluded their claims are without merit.

basis of his motion "because the [Bureau of Prisons] does not allow inmates to have possession of their [presentence reports]." (Larsen's Opening Br. at 6.) This information, even if newly discovered, does not call into question Larsen's guilt and thus does not meet the standard for certification.

We **AFFIRM** the dismissal of Larsen and Blake's motions for lack of jurisdiction. We **DENY** Larsen's request for permission to file a second or successive § 2255 petition. Larsen and Blake each filed a motion to proceed *in forma pauperis* (*ifp*) on appeal. In order to proceed *ifp* on appeal, a prisoner "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Larsen and Blake have not made the latter showing and we therefore **DENY** their motions to proceed *ifp*. They are required to immediately make full payment of their filing and docket fees.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
